IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHRISTINA RICHARDSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 6:22-cv-00109-JCB-JDL |
| | § | |
| HEALTHCARE REVENUE RECOVERY | § | |
| GROUP D/B/A ARS ACCOUNT | § | |
| RESOLUTION SERVICE, LLC, | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services,[1] by and through its undersigned attorneys, answers Plaintiff's Complaint [ECF No. 1] and would respectfully show as follows:

## JURISDICTION AND VENUE

1.      Paragraph No. 1 of Plaintiff's Complaint is merely descriptive of Plaintiff's jurisdictional allegations and also states a legal conclusion and, therefore, requires no response. To the extent a response may be required, Defendant admits that Plaintiff has alleged that this Court has jurisdiction under 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1681p *et. seq.* But, to the extent that Paragraph No. 1 can be construed to allege that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq.*, Defendant denies that it violated the FDCPA and FCRA and Defendant also reserves the right to contest the Court's subject matter jurisdiction should the

---

[1]      Defendant was incorrectly named in this suit as "Healthcare Revenue Recovery Group d/b/a ARS Account Resolution Service, LLC."

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT – Page 1 of 22**

pleadings and discovery conducted in this matter show that Plaintiff did not suffer a concrete injury in fact.

2.      Paragraph No. 2 of Plaintiff's Complaint is merely descriptive of Plaintiff's venue allegations and also states a legal conclusion and, therefore, requires no response. To the extent a response may be required, Defendant admits that Plaintiff has alleged that venue is proper in the Eastern District of Texas because Plaintiff allegedly resides within the Eastern District of Texas and because Defendant allegedly transacts business in the Eastern District of Texas. Defendant asserts, however, that, at this time, it lacks knowledge or information sufficient to enable it to admit the allegations that Plaintiff resides within the Eastern District of Texas, Tyler Division, and, therefore, that allegation is denied. Defendant states, however, that venue of this action is not contested.

3.      Paragraph No. 3 of Plaintiff's Complaint states a legal conclusion and also makes no allegations of fact as to Defendant; therefore, no response is required.

4.      Paragraph No. 4 of Plaintiff's Complaint states a legal conclusion and also makes no allegations of fact as to Defendant; therefore, no response is required.

5.      In response to Paragraph No. 5 of Plaintiff's Complaint, Defendant states that, at this time, it lacks knowledge or information sufficient to enable it to admit the allegations of Paragraph No. 5; therefore, Paragraph No. 5 is denied. Defendant states, however, that venue of this action is not contested.

6.      Paragraph No. 6 of Plaintiff's Complaint is merely descriptive of Plaintiff's venue allegations and also states a legal conclusion and, therefore, requires no response. To the extent a response may be required, Defendant states that, at this time, it lacks sufficient knowledge or

information to enable it to admit the allegations in Paragraph No. 6; therefore, denied. Defendant

states, however, that venue of this action is not contested.

7.       In response to Paragraph No. 7 of Plaintiff's Complaint, Defendant denies that it

is a corporation but admits that it is a foreign limited liability company headquartered in Sunrise,

Florida. As to Plaintiff's allegation that Defendant "practices as a debt collector throughout the

country, including Texas," that allegation states a legal conclusion to which no response is

required. To the extent to that a response to that allegation may be required, that allegation is

denied as written.

8.       Paragraph No. 8 of Plaintiff's Complaint states a legal conclusion to which no

response is required. To the extent that a response may be required, Defendant admits that, at

times, it attempts to resolve outstanding consumer debt with debtors in Texas. Defendant also

states that venue of this action is not contested.

9.       Paragraph No. 9 of Plaintiff's Complaint is denied as written.

10.      Paragraph No. 10 of Plaintiff's Complaint is merely descriptive of Plaintiff's

venue allegations and also states a legal conclusion and, therefore, requires no response. To the

extent a response may be required, Defendant admits that at times it attempts to resolve

outstanding consumer debt with debtors in Texas, but Defendant denies that it violated the

FDCPA, the FCRA, or any other law as it pertains to Plaintiff. Defendant further denies that it

caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit. Defendant

further states that, at this time, it lacks sufficient knowledge or information to admit Plaintiff's

allegation that "Plaintiff was in Tyler City and Smith County" at the time of Plaintiff's alleged

injuries; therefore, that allegation is also denied. Defendant states, however, that venue of this

action is not contested.

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT – Page 3 of 22**

11.    Paragraph No. 11 of Plaintiff's Complaint is merely descriptive of Plaintiff's venue allegations and also states a legal conclusion and, therefore, requires no response. To the extent a response may be required, Paragraph No. 11 is denied as written. Defendant states, however, that venue of this action is not contested.

**STANDING**

12.    Paragraph No. 12 of Plaintiff's Complaint states legal conclusions and also makes no allegations of fact as to Defendant; therefore, no response is required. To the extent a response may be required and to the further extent that Paragraph No. 12 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 12 is denied.

13.    Paragraph No. 13 of Plaintiff's Complaint is denied. Defendant further denies that it violated the FDCPA or any other law.

14.    Paragraph No. 14 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response may be required, Paragraph No. 14 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

15.    Paragraph No. 15 of Plaintiff's Complaint states legal conclusions and also makes no allegations of fact as to Defendant; therefore, no response is required. To the extent a response may be required and to the further extent that Paragraph No. 15 can be construed to allege that Defendant violated the FDCPA or that Plaintiff suffered a concrete injury in fact for Article III standing purposes, Paragraph No. 15 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

16.     Paragraph No. 16 of Plaintiff's Complaint states legal conclusions and also makes no allegations of fact as to Defendant; therefore, no response is required. To the extent a response may be required and to the further extent that Paragraph No. 16 can be construed to allege that Defendant violated the FDCPA or that Plaintiff suffered a concrete injury in fact for Article III standing, Paragraph No. 16 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

## PARTIES

17.     In response to Paragraph No. 17 of Plaintiff's Complaint, Defendant admits that Plaintiff is a "natural person." Defendant, however, states that, at this time, it lacks sufficient knowledge or information to enable it to admit the allegation that Plaintiff is "currently residing in the State of Texas"; therefore, that allegation is denied.

18.     Paragraph No. 18 of Plaintiff's Complaint states a legal conclusion and, therefore, requires no response. To the extent a response may be required, Defendant admits that Plaintiff alleges that she is a "consumer," as that term is defined by the FDCPA.

19.     Paragraph No. 19 of Plaintiff's Complaint states a legal conclusion and, therefore, requires no response. To the extent a response may be required, Defendant denies that it is a corporation but admits that it is foreign limited liability company with its principal place of business located at 1643 Harrison Parkway, Ste. 100, Bldg. H, Sunrise, Florida 33323. Defendant further admits that, at times, it attempts to resolve outstanding consumer debts by using the mails and telephone.

20.     Paragraph No. 20 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response may be required, Defendant admits that, at times, it attempts to resolve outstanding consumer debts by using the mails and telephone.

21.     Paragraph No. 21 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response may be required, Defendant admits that, at times, it attempts to resolve outstanding consumer debts. Except as so admitted, the allegations in Paragraph No. 21 are denied.

22.     Paragraph No. 22 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response may be required, Defendant admits that, at times, it attempts to resolve outstanding consumer debts by using the mails and telephone and Defendant also admits that, at times, it reports information about debtors to the applicable credit reporting agencies to whom it reports. Except as so admitted, the allegations in Paragraph No. 22 are denied.

23.     Paragraph No. 23 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response may be required, Defendant admits that, at times, it attempts to resolve outstanding consumer debts. Except as so admitted, the allegations in Paragraph No. 23 are denied.

24.     Paragraph No. 24 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response may be required, Defendant admits that, at times, it reports information about debtors to the applicable credit reporting agencies to whom it reports. Except as so admitted, the allegations in Paragraph No. 24 are denied.

25.     Paragraph No. 25 of Plaintiff's Complaint states a legal conclusion and makes no allegations of fact as to Defendant; therefore, no response is required. Paragraph No. 25 of

Plaintiff's Complaint is further directed at non-party Experian Information Solutions, Inc. and not at Defendant; therefore, for that additional reason, no response is required. To the extent a response may be required, Defendant states that, at this time, it lacks sufficient knowledge or information to enable it to admit the allegations of Paragraph No. 25; therefore, the allegations in Paragraph No. 25 are denied.

## FACTUAL ALLEGATIONS

26.     Paragraph No. 26 of Plaintiff's Complaint is admitted in part and denied in part. Defendant admits that Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor. To the extent, however, Paragraph No. 26 can be construed to allege that Defendant is a creditor, Paragraph No. 26 is denied.

27.     In response to Paragraph No. 27 of Plaintiff's Complaint, Defendant admits it attempted to resolve Plaintiff's outstanding account.

28.     Paragraph No. 28 of Plaintiff's Complaint is admitted.

29.     Paragraph No. 29 of Plaintiff's Complaint is denied.

30.     Paragraph No. 30 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response may be required, Defendant admits that Plaintiff alleges that Plaintiff's debt "was primarily for personal, family or household purposes and is therefore a 'debt' as defined by 15 U.S.C. § 1692a(5)."

31.     Paragraph No. 31 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response may be required, Defendant admits that Plaintiff alleges that the alleged July 7, 2021 telephone call is a "'communication as defined by 15 U.S.C. § 1692a(2)."

32.     Paragraph No. 32 of Plaintiff's Complaint is denied.

33.     Paragraph No. 33 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that an answer may be required, Defendant admits that Plaintiff attempts to restate a statutory requirement, but Defendant denies that Plaintiff accurately stated the statutory requirement. Defendant further states that FCRA speaks for itself as to its statutory requirements.

34.     Paragraph No. 34 of Plaintiff's Complaint is admitted.

35.     Paragraph No. 35 of Plaintiff's Complaint is denied.

36.     In response to Paragraph No. 36 of Plaintiff's Complaint, Defendant states that, at this time, it lacks sufficient knowledge or information to enable it to admit the allegations in Paragraph No. 36; therefore, Paragraph No. 36 is denied. Defendant further states that the document excerpt that is referenced in Paragraph No. 36 and attached to Plaintiff's Complaint as Exhibit A was not created by Defendant, and Exhibit A speaks for itself.

37.     In response to Paragraph No. 37 of Plaintiff's Complaint, Defendant states that that the document excerpt that is referenced in Paragraph No. 36 and attached to Plaintiff's Complaint as Exhibit A was not created by Defendant, and Exhibit A speaks for itself.

38.     In response to Paragraph No. 38 of Plaintiff's Complaint, Defendant states that that the document excerpt that is referenced in Paragraph No. 36 and attached to Plaintiff's Complaint as Exhibit A was not created by Defendant, and Exhibit A speaks for itself.

39.     In response to Paragraph No. 39 of Plaintiff's Complaint, Defendant states that that the document excerpt that is referenced in Paragraph No. 36 and attached to Plaintiff's Complaint as Exhibit A was not created by Defendant, and Exhibit A speaks for itself.

40.     Paragraph No. 40 of Plaintiff's Complaint is denied as written.

41.     In response to Paragraph No. 41 of Plaintiff's Complaint, Defendant states that that the document excerpt that is referenced in Paragraph No. 36 and attached to Plaintiff's Complaint as Exhibit A was not created by Defendant, and Exhibit A speaks for itself.

42.     Paragraph No. 42 of Plaintiff's Complaint is denied.

43.     Paragraph No. 43 of Plaintiff's Complaint is denied.

44.     Paragraph No. 44 of Plaintiff's Complaint is denied.

45.     Paragraph No. 45 of Plaintiff's Complaint is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

46.     Paragraph No. 46 of Plaintiff's Complaint is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

47.     Paragraph No. 47 of Plaintiff's Complaint is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

48.     Paragraph No. 48 of Plaintiff's Complaint is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

49.     Paragraph No. 49 of Plaintiff's Complaint is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

50.     Paragraph No. 50 of Plaintiff's Complaint is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

51.     Paragraph No. 51 of Plaintiff's Complaint is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

52.     Paragraph No. 52 of Plaintiff's Complaint is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

53.     Paragraph No. 53 of Plaintiff's Complaint is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

54.     Paragraph No. 54 of Plaintiff's Complaint is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

**COUNT I: Violations of § 1692e of the FDCPA – False, Deceptive, or Misleading Collection Actions**

55.     Defendant incorporates by reference as if fully set forth herein its response to the above and foregoing responses contained in Paragraph Nos. 1 through 54 of this Answer.

56.     Paragraph No. 56 of Plaintiff's Complaint states a legal conclusion and also makes no allegations of fact as to Defendant; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 56 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 56 is denied. Defendant further denies that it

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT – Page 10 of 22**

violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

57.      Paragraph No. 57 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 57 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 57 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

58.      Paragraph No. 58 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 58 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 58 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

59.      Paragraph No. 59 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 59 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 59 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

60.      Paragraph No. 60 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 60 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 60 is denied.

Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

61.     Paragraph No. 61 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 61 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 61 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

62.     Paragraph No. 62 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 62 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 62 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

63.     Paragraph No. 63 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 63 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 63 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

64.     Paragraph No. 64 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No.

64 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 64 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

65.     Paragraph No. 65 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 65 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 65 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

66.     Paragraph No. 66 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 66 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 66 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

67.     Paragraph No. 67 of Plaintiff's Complaint states legal conclusions and also makes no allegations of fact as to Defendant; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 67 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 67 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

68.     Paragraph No. 68 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 68 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 68 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

69.     Paragraph No. 69 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 69 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 69 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

70.     Paragraph No. 70 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 70 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 70 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

71.     Paragraph No. 71 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 71 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 71 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant

also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

## PRAYER FOR RELIEF

In response to Plaintiff's un-numbered "Prayer For Relief" and sub-parts A. through C. following Paragraph No. 71, Defendant denies that it violated the FDCPA and also denies that it violated any other law.   Defendant further denies that Plaintiff is entitled to recover from Defendant any of the declaratory relief, actual damages, statutory damages, attorneys' fees and costs, and/or any of the other relief, requested by Plaintiff in her "Prayer For Relief."

## COUNT II: Violations of § 1692d of the FDCPA – Harassment or Abuse

72.     Defendant incorporates by reference as if fully set forth herein its response to the above and foregoing Paragraph Nos. 1 through 71 and the un-numbered "Prayer for Relief" paragraph following Paragraph No. 71 of this Answer.

73.     Paragraph No. 73 of Plaintiff's Complaint states legal conclusions and makes no allegations of fact as to Defendant; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 73 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 73 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

74.     Paragraph No. 74 of Plaintiff's Complaint is denied.

75.     Paragraph No. 75 of Plaintiff's Complaint is denied.

76.     Paragraph No. 76 of Plaintiff's Complaint is denied.

77.     Paragraph No. 77 of Plaintiff's Complaint is denied.

**PRAYER FOR RELIEF**

In response to Plaintiff's un-numbered "Prayer For Relief" and sub-parts A. through C. following Paragraph No. 77, Defendant denies that it violated the FDCPA and also denies that it violated any other law.   Defendant further denies that Plaintiff is entitled to recover from Defendant any of the declaratory relief, actual damages, statutory damages, attorneys' fees and costs, and/or any of the other relief, requested by Plaintiff in her "Prayer For Relief."

**COUNT III: Violations of § 1692f of the FDCPA – Misleading Representations & Unfair Practices**

78.     Defendant incorporates by reference as if fully set forth herein its response to the above and foregoing Paragraph Nos. 1 through 77 and the un-numbered "Prayer for Relief" paragraphs following Paragraph Nos. 71 and 77 of this Answer.

79.     Paragraph No. 79 of Plaintiff's Complaint states legal conclusions and makes no allegations of fact as to Defendant; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 79 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 79 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

80.     Paragraph No. 80 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 80 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 80 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

81.     Paragraph No. 81 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 81 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 81 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

82.     Paragraph No. 82 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 82 can be construed to allege that Defendant violated the FDCPA, Paragraph No. 82 is denied. Defendant further denies that it violated the FDCPA, the FCRA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

## **PRAYER FOR RELIEF**

In response to Plaintiff's un-numbered "Prayer For Relief" and sub-parts A. through C. following Paragraph No. 82, Defendant denies that it violated the FDCPA and also denies that it violated any other law.  Defendant further denies that Plaintiff is entitled to recover from Defendant any of the declaratory relief, actual damages, statutory damages, attorneys' fees and costs, and/or any of the other relief, requested by Plaintiff in her "Prayer For Relief."

### **COUNT IV: Violations of 15 U.S.C. § 1681s-2(B) of the FCRA – Duties of Furnishers of Information upon Notice of Dispute**

83.     Defendant incorporates by reference as if fully set forth herein its response to the above and foregoing Paragraph Nos. 1 through 82 and the un-numbered "Prayer for Relief" paragraphs following Paragraph Nos. 71, 77 and 82 of this Answer.

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT – Page 17 of 22**

84.     Paragraph No. 84 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 84 can be construed to allege that Defendant violated the FCRA, Paragraph No. 84 is denied. Defendant further denies that it violated the FCRA, the FDCPA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

85.     Paragraph No. 85 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 85 can be construed to allege that Defendant violated the FCRA, Paragraph No. 85 is denied. Defendant further denies that it violated the FCRA, the FDCPA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

86.     Paragraph No. 86 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 86 can be construed to allege that Defendant willfully or negligently violated the FCRA, Paragraph No. 86 is denied. Defendant further denies that it violated the FCRA, the FDCPA, or any other law. Defendant also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

87.     Paragraph No. 87 of Plaintiff's Complaint states legal conclusions; therefore, no response is required. To the extent a response may be required and to the extent Paragraph No. 87 can be construed to allege that Defendant violated the FCRA, Paragraph No. 87 is denied. Defendant further denies that it violated the FCRA, the FDCPA, or any other law. Defendant

also denies that it caused any of the alleged injuries or damages claimed by Plaintiff in this lawsuit.

## PRAYER FOR RELIEF

In response to Plaintiff's un-numbered "Prayer For Relief" and sub-parts A. through D. following Paragraph No. 87, Defendant denies that it violated the FCRA and also denies that it violated any other law.   Defendant further denies that Plaintiff is entitled to recover from Defendant any of the declaratory relief, actual damages, punitive damages, attorneys' fees and costs, and/or any of the other relief, requested by Plaintiff in her "Prayer For Relief."

## JURY DEMAND

Plaintiff's demand for a jury trial requires no response. To the extent, however, a response may be required, Defendant admits that Plaintiff requests a trial by jury but denies that any such trial is available in the absence of any viable claims.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant alleges the following affirmative and other defenses, as authorized by the Federal Rules of Civil Procedure:

1.      Defendant asserts that Plaintiff has failed to state claims against it upon which relief can be granted.

2.      At all times material to Plaintiff's Complaint, Defendant has not acted in bad faith and has also not acted willfully, maliciously, recklessly, wantonly, negligently or with intent to injure Plaintiff.

3.      Defendant has not violated any duty or obligation owed to Plaintiff under common law, statute, any applicable contract, or other authority.

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT – Page 19 of 22**

4.      Plaintiff has not sufficiently alleged, and cannot establish, malice, willfulness or negligence on the part of Defendant.

5.      If Defendant violated the FCRA (which it did not), any such violation was not the result of any negligent, willful or reckless conduct by Defendant.

6.      Defendant asserts that Plaintiff is not entitled to recover any damages from Defendant, or any recovery awarded should be reduced by the amount of damages that reasonably could have been avoided because Plaintiff failed to take reasonable steps to mitigate the alleged damages with respect to the matters alleged in the Complaint.

7.      Upon information and belief, Defendant alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and/or third-parties and resulted from Plaintiff's or third-parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Defendant.

8.      Any damages which Plaintiff may have suffered (which Defendant denies) were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

9.      Upon information and belief, Defendant alleges that if Plaintiff suffered any of the injuries alleged in the Complaint (which Defendant denies), there as an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Defendant was not a proximate cause of the alleged injuries.

10.     An award of statutory damages in the absence of actual damages would exceed the limits of constitutional due process. *See, e.g.*, *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); *BMW of N. Am. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 1234 L. Ed. 2d 809 (1996).

11.     Defendant asserts that if any violations of the FDCPA did occur (which it denies), then such violations were unintentional, and they occurred as a result of a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid and prevent the alleged violations.

12.     Defendant asserts that, to the extent that Plaintiff may be attempting to seek punitive damages in connection with her FDCPA claims, those damages are not recoverable. *See, e.g.,* 15 U.S.C. § 1692k. To the extent that Plaintiff may be attempting to seek punitive damages in connection with her willful violation of the FCRA claim, Defendant denies that it violated the FCRA in any respect and Defendant objects to Plaintiff's attempted recovery of punitive damages in connection with her FCRA claims. Defendant further asserts that an award of punitive damages in this case would be in violation of the Unites States Constitution, including but not limited to the Due Process Clause of the United States Constitution.

13.     Defendant reserves the right to assert additional affirmative and other defenses as may become apparent during discovery.

## DEFENDANT'S REQUEST FOR FEES AND COSTS

Pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b), Defendant seeks reasonable attorneys' fees incurred in defending this matter. Defendant further asserts that Plaintiff's FDCPA claims were brought in bad faith and for the purpose of harassment; therefore, Defendant also seeks its attorneys' fees reasonable in relation to the work expended and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE, PREMISES CONSIDERED**, Defendant, Healthcare Revenue Recovery Group, LLC, prays that Plaintiff take nothing in this action. Defendant further prays

for its fees and costs together with all such other and further relief, at law or in equity, to which it

may be justly entitled.

Respectfully submitted,

*/s/ Kevin Thomas Crocker*

Kevin Thomas Crocker
Texas Bar No. 05087250

BARRON & NEWBURGER, P.C.
7320 N. MoPac Expwy., Suite 400
Austin, Texas 78731
(512) 476-9103 [Telephone]
(512) 279-0310 [Facsimile]
E-mail: kcrocker@bn-lawyers.com

ATTORNEYS FOR DEFENDANT
HEALTHCARE REVENUE RECOVERY
GROUP, LLC

## CERTIFICATE OF SERVICE

This is to certify that on the 26th day of April, 2022, a true and correct copy of the foregoing *Defendant's Original Answer to Plaintiff's Complaint* was served via the Court's CM/ECF system and/or by e-mail transmission on counsel for Plaintiff, Joel S. Halvorsen, Esq. and Samantha J. Orlowski, Esq., Halvorsen Klote, 680 Craig Road, Suite 104, St. Louis, Missouri 63141, (314) 451-1314 [Telephone], (314) 787-4323 [Fax], e-mails: joel@hklawstl.com and sam@hklawstl.com .

*/s/ Kevin Thomas Crocker*

Kevin Thomas Crocker, Esq.